371 So.2d 682 (1979)
Marie L. PATIN, Appellant,
v.
Carl A. PATIN, Appellee.
No. 77-2030.
District Court of Appeal of Florida, Fourth District.
May 23, 1979.
Royce D. Pipkins and Robert H. Walker, Casselberry, for appellant.
Robert O. Marks, Marvin E. Newman and Jon S. Rosenberg & Marks, Orlando, for appellee.
LETTS, Judge.
The wife here appeals a final judgment of dissolution awarding no periodic alimony for the first 6 years after which, permanent alimony of $25.00 per week is to commence. We reverse in part.
This involves yet another breakup of a long-term marriage of 20 years duration with 4 children, three of them minors, the youngest aged 12. Apart from a small award of lump-sum alimony, which we conclude involved no abuse of discretion, the final judgment awarded custody and $80.00 per week child support. No immediate periodic alimony was awarded except that when the last child became of age, permanent alimony of $25.00 per week was to commence.
Both parties are in their early forties, the wife never having worked since very early on in the marriage (before that she was in the service) and the husband having recently retired from the Navy as a lieutenant commander with a take-home after tax weekly pension of $251. At the time of the final hearing he was studying for his masters degree and also receiving V.A. educational benefits of $440 per month. The wife is unemployed and has virtually no income,[1] but possesses limited clerical skills. Both are in good health although the wife claims some emotional problems.
The state of the law is clear that based on the foregoing facts the wife was entitled to permanent alimony on the day of dissolution, McAllister v. McAllister, 345 So.2d 352 (Fla. 4th DCA 1977) and McCloskey v. McCloskey, 359 So.2d 494 (Fla. 4th DCA 1978). It also appears that the trial judge himself felt she was so entitled because *683 he did award it, although not to commence until a later date. It is clear that if she is entitled to any alimony, she needs support now. The husband has the present ability to pay alimony, his wife needs it and her former position and circumstance as a lieutenant commander's wife was considerable, Caracristi v. Caracristi, 324 So.2d 634 (Fla. 2d DCA 1976). The husband is also preparing himself, with generous assistance from the V.A., to earn much much more.
As to the $25.00 awarded, it is admitted that the wife left the husband and went to live with another woman. The wife denies any marital infidelities with her female companion who also gratuitously assists with the wife's support; but there is considerable circumstantial evidence of a homosexual relationship and we could not conclude that the trier of the fact was in error if he so found. We have seen that evidence of adultery may be considered in any alimony award. Pro v. Pro, 300 So.2d 288 (Fla. 4th DCA 1974), and recognize that the applicable statute so authorizes, Section 61.08(1), Florida Statute (1977). Yet we know of no prior case applying this to a homosexual relationship. Notwithstanding, we find no substantial distinction, because both involve extra-marital sex and therefore marital misconduct.
We note in the case at bar, however, that the trial judge made some findings of fact but made no mention of any such marital misconduct. Accordingly, this cause is remanded in order to determine if the low alimony award was predicated on such a finding even though it is not expressed. If no such finding was intended, then we consider the award of $25.00 to be inadequate and direct the trial court to consider a more appropriate award. On the other hand, if a finding of marital misconduct is confirmed and was a predicate, the trial judge shall be free to reconsider the issue of alimony and the amount thereof (except that if any amount shall be deemed appropriate, it shall commence immediately).
REVERSED IN PART AND REMANDED.
DOWNEY, C.J., and MOORE, J., concur.
NOTES
[1] She does receive $100 per year from her mother's estate.