0746

Joyce M. CASEY, Respondent v. John William CASEY, Appellant.
(346 S. E. (2d) 726)

Court of Appeals

*Isadore E. Lourie* and *Randall M. Chastain,* Columbia, *for appellant.*

*Harvey L. Golden* and *Douglas R. Kotti,* Columbia, *for respondent.*

Heard March 25, 1986.

Decided July 7, 1986.

CURETON, Judge:

Respondent Joyce M. Casey was granted a divorce on March 16, 1981 on the ground of one year's continuous separation. On May 26 and 27, 1983 the family court conducted a hearing concerning all the incidents of divorce except attorneys' fees. Appellant John William Casey appeals from the order of the family court which divided the marital estate, awarded One Thousand Dollars ($1,000) per month alimony and Five Hundred Dollars ($500) per month as child support and made findings concerning attorneys' fees. We affirm in part, reverse in part, and remand.

The parties married in February 1960. At that time, Mrs. Casey was employed as a cosmetologist. She remained em-

ployed contributing her income to household expenses until 1968 when the parties' third child was born. At that time, the parties agreed that she would no longer work fulltime outside the home. Thereafter, she maintained the parties' rental property on Brennan Road in Columbia and collected rents. She also worked in her husband's fireworks business from 1976 to 1980. Mr. Casey admitted that for sixteen years of their marriage Mrs. Casey was a good wife and mother.

Mr. Casey has three businesses. In 1976 he acquired Jim Casey's Fireworks from his father. In 1979 he incorporated Election Services Corporation, a voting machine rental business. Another one of his businesses, Mercedes Finders, Inc., is a licensed car dealership used primarily to obtain less expensive insurance coverage for his four Mercedes. He also has rental and investment properties.

During the marriage, Mr. Casey provided his family with a well-to-do lifestyle which allowed his family members to drive luxury cars, take vacations, eat in restaurants at least twice a week and to shop for clothing in better stores. He has agreed both to support his oldest child while he attends college and to meet his daughter's college expenses not covered by scholarships, grants and loans. His youngest child was fourteen at the time of the final hearing and in Mrs. Casey's custody.

Both parties have inherited property. Mrs. Casey inherited farmlands and Twenty-six Thousand Dollars ($26,000) upon her father's death. She has invested this money, using interest from it for family expenses and as collateral to refinance commercial property owned by the parties. She also inherited Twenty-two Thousand Dollars ($22,000) from her great aunt. Mr. Casey inherited Twenty-five Thousand Dollars ($25,000) from his parents' estate.

The issues on appeal are: (1) whether the trial judge equitably divided the marital estate; (2) whether the trial judge abused his discretion by awarding alimony and child support; and (3) whether the trial judge's findings regarding attorneys' fees were improper.

## I.

Mr. Casey argues that the trial judge made an improper equitable distribution award. He cites as error: (1) the amount distributed to Mrs. Casey; (2) the fact that the good

will of Jim Casey's Fireworks was found to be an asset subject to distribution; (3) that Mrs. Casey's inheritance was not properly considered in making the award; (4) that the figure determined to be his annual business income was reached by speculation; (5) that complying with the trial judge's distribution scheme will have grave tax consequences for him; and (6) that the order distributes coins and sterling even though the record is devoid of testimony about these items.

With one exception, we find Mr. Casey's arguments to be either unpersuasive or without merit. Determinations regarding the equitable distribution of marital assets rest within the sound discretion of the family court. *Smith v. Smith*, 280 S. C. 257, 261, 312 S. E. (2d) 560, 563 (Ct. App. 1984). We find that the trial judge clearly considered the factors listed in *Shaluly v. Shaluly*, 284 S. C. 71, 325 S. E. (2d) 66 (1985) in making the equitable distribution award.

The trial judge made a Ten Thousand, Five Hundred Dollar ($10,500) award to Mrs. Casey which purports to represent a 21% interest in the goodwill of Jim Casey's Fireworks.[1] Ostensibly relying upon expert testimony, he found that "a minimum figure for goodwill of a business can be established by multiplying two times the annual profits after subtracting compensation for management." The trial judge determined that Jim Casey's Fireworks "may have a goodwill value of at least One Hundred Thousand Dollars ($100,000), but due to the nature of this business [he preferred] to conservatively estimate at the considerably lower figure of Fifty Thousand Dollars ($50,000) for purposes of equitable distribution." This was error.

At trial the wife's attorney sought to prove that the fireworks business had a goodwill value in excess of the value of its inventory and fixtures. The expert testified that because the profits of the business far exceeded a reasonable sum to compensate Mr. Casey as manager of the business, it was his opinion that the business had goodwill. He also testified that a business which has goodwill as a major component of its value, goodwill may be

---

[1] We interpret this award as an award to the wife of a twenty-one percent (21%) interest in the business. Otherwise, the trial judge would have made no award to the wife of the value of the tangible assets of the business.

accounted for by utilizing the capitalization of earnings approach to ascertain value. The expert further testified that while a capitalization factor of two and a half times the net earnings of the fireworks business may be appropriate to ascertain value in this case, he could not arrive at a value of the business based upon the capitalization of earnings method because of inadequate earnings data.[2]

Mr. Casey argues on appeal that goodwill should not ■ be considered as a component of value in dividing the fireworks business. We disagree. The question of how to handle the goodwill of a sole proprietorship is a troublesome one. The fact that the success of such businesses depends heavily on the skills and efforts of the owner has led some courts to conclude that attributing a value to the goodwill of the business would improperly treat the proprietor's entrepreneurial skills or future income as marital property. *See e.g., Nail v. Nail,* 486 S. W. (2d) 761 (Tex. 1972). On the other hand, the weight of authority appears to favor valuing goodwill as a component of the overall value of a growing concern. *See Heller v. Heller,* 672 S. W. (2d) 945 (Ky. App. 1984) (goodwill in husband's accounting practice); *Weaver v. Weaver,* 72 N. C. App. 409, 324 S. E. (2d) 915 (1985) (partner's interest in accounting firm's goodwill) *Jondahl v. Jondahl,* 344 N. W. (2d) 63 (N. D. 1984) (goodwill of husband's solely owned tax service); *In re Marriage of Hall,* 103 Wash. (2d) 236, 692 P. (2d) 175 (1984) (goodwill in medical practice); *See also Rostel v. Rostel,* 622 P. (2d) 429 (Alaska 1981); *Golden v. Golden,* 270 Cal. App. (2d) 401, 75 Cal. Rptr. 735 (1969); *In re Marriage of Nichols,* 43 Colo. App. 383, 606 P. (2d) 1314 (1979); *In re Marriage of White,* 98 Ill. App. (3d) 380, 53 Ill. Dec. 786, 424 N. E. (2d) 421 (1981); *Dugan v. Dugan,* 92 N. J. 423, 457 A. (2d) 1 (1983); *Stern v. Stern,* 66 N. J. 340, 331 A. (2d) 257 (1975); *Nastrom v. Nastrom,* 262 N. W. (2d) 487 (N. D. 1978). We hold that the goodwill of a sole proprietorship may constitute a marital asset subject to division.

---

[2] The expert witness correctly defined goodwill as "the expectancy of continued patronage" and cited such factors as excellent location, excellent name recognition, good management, and excess profits which indicate that the business has a value above and beyond fixtures, inventory and other tangible assets.

A sole proprietorship, like the stock of a closely held corporation cannot be valued by any inflexible standard. *See Dibble v. Sumter Ice and Fuel Co.*, 283 S. C. 278, 322 S. E. (2d) 674 (Ct. App. 1984). While a court may determine the value of a sole proprietorship by considering its earnings value, courts should be meticulous to distinguish between the entrepreneurial skills or potential future earnings of a spouse and the goodwill of the spouse's business. *In re Marriage of Bateman*, 382 N. W. (2d) 240 (Minn. Ct. App. 1986); *Jondahl v. Jondahl*, 344 N. W. (2d) 63 (N. D. 1984).[3]

Like the wife's expert witness, we are unable to ascertain the value of the fireworks business because the record does not contain sufficient data concerning the income and expenses of the business that would permit a determination of net earnings. Further, the record is also devoid of any evidence of an appropriate managerial fee for Mr. Casey which must be deducted from the net earnings prior to applying a capitalization of earnings factor.

For the foregoing reasons, we reverse and remand the fireworks business valuation. We direct the trial judge to take additional evidence to ascertain the value of the business prior to awarding Mrs. Casey an interest in it.

## II.

Mr. Casey argues that pursuant to the agreement of the parties, the issue of alimony, like attorneys' fees, was to be reserved for a determination after other issues had been resolved. His contention is based on an alleged oral agreement between the parties, and a letter from the court sent to the attorneys for the parties just prior to the final hearing on May 26, 1983. The court's letter states: "It is my understanding from the pre-trial conference that the subject of the hearing is solely the division of the property."

At the beginning of the hearing in question, the following exchange occurred between the court and the attorneys.

---

[3] We also remind the bench and bar that some businesses may not be subject to division at all. *Bannen v. Bannen*, 286 S. C. 24, 331 S. E. (2d) 379, 381 (Ct. App. 1985).

THE COURT: All right. The main issue as I see it is going to be the division of the property.

MR. GOLDEN: And alimony and attorney's fees and the Restraining Order, Judge. Those issues were all reserved.

THE COURT: Well, if you divide the property, I think you can get everything else —

MR. GOLDEN: I think that the original property is the key issue.

MR. DONELAN: I'm sorry, your Honor. There is one other issue Mr. Golden didn't mention that he knows of, and so do I, and that is, there is a minor child 15 still living at home so there would have to be some child support involved in that.

THE COURT: All right. I'm going to leave the courtroom. It's now, according to my clock, 9:35. I'm coming back at 10:00 to see where you are.

(RECESS)

THE COURT: All right, gentleman, I understand that your negotiations have broken down at this time and that you have resolved some of the issues. Is that correct, Mr. Donelan?

MR. DONELAN: Yes, sir. It is my understanding that if your Honor makes a determination as to attorney's fees, that procedure would be Mr. Golden would have to submit statements and Affidavits (sic) and that sort of thing, and if there is a determination that he's entitled to any fees that Mr. Casey would be entitled to a hearing as to those separately.

MR. GOLDEN: After the case.

It is clear from the record that while the pretrial understanding of the parties was that the May 26, 1983 hearing concerned only property division, the parties agreed at the hearing to consider all issues that had previously been reserved, except as to the amount of attorney's fees.

Mr. Casey also argues on appeal that the trial judge abused his discretion in awarding Five Hundred Dollars ($500) per month as support for the minor child. The issue of how much child support should be awarded is addressed to the sound discretion of the trial judge whose determination will not be disturbed on appeal absent an abuse of discretion. *Bradley v. Bradley*, 285 S. C. 170, 328 S. E. (2d) 647, 648 (Ct. App. 1985). In determining the amount of child support, the parents' ability to pay and the child's needs are two critical factors. *Cudd v. Arline*, 277 S. C. 236, 238, 285 S. E. (2d) 881, 882 (1981). Moreover, the amount of the award should allow the child to live at the standard of living to which he has been accustomed. *See Beinor v. Beinor*, 282 S. C. 181, 318 S. E. (2d) 269 (1984). Based upon the lifestyle of this family, we cannot say that a Five Hundred Dollar ($500) per month award of child support was excessive.

Mr. Casey also claims that the award of alimony was excessive. The amount of alimony awarded rests in the sound discretion of the trial judge. *See, e.g. Tucker v. Tucker*, 282 S. C. 261, 317 S. E. (2d) 764 (Ct. App. 1984). Our review of the facts of this case reveals no abuse of discretion by the trial judge.

### III.

Mr. Casey argues that the trial court erred in making a finding concerning attorneys' fees when, without objection, his attorney had suggested that a separate hearing be conducted in order to determine the amount of an attorneys' fee award. The trial judge's order merely determined that Mrs. Casey's attorneys had diligently represented their client. He expressly reserved the determination of the amount of an attorneys' fees award for a subsequent date. This finding seems consistent with Mr. Casey's attorney's request. Moreover, Mr. Casey has shown no prejudice by this finding.

The judgment is

Affirmed in part, reversed in part, and remanded.

SHAW and GOOLSBY, JJ., concur.