## 22783

Joyce M. CASEY, Respondent v. John William CASEY, Petitioner.

(362 S. E. (2d) 6)

Supreme Court

*Randall M. Chastain* and *Isadore E. Lourie* of *Lourie, Curlee, Barrett & Popowski,* Columbia, *for petitioner.*

*Harvey L. Golden,* Columbia, *for respondent.*

Heard Sept. 8, 1987.

Decided Oct. 12, 1987.

*Per Curiam:*

Certiorari was granted in this divorce case to review the decision of the Court of Appeals reported at 289 S. C. 462, 346 S. E. (2d) 726 (Ct. App. 1986). We reverse.

Petitioner (Husband) and respondent (Wife) were married

in 1960. In 1976, Husband purchased a retail fireworks business from his father and has operated it as a sole proprietorship. Wife worked in the business until 1980. The continued success of the business can be attributed largely to Husband's lobbying efforts to keep the sale of fireworks legal in South Carolina.

At the time of the divorce, the tangible assets of the fireworks business consisted of some office fixtures and $6,000 worth of inventory. Wife's expert witness, Dr. Oliver Wood, testified the business's value exceeded that of the tangible assets, but he was unable to place a value on the goodwill.

In equitably dividing the parties' marital property, the family court awarded Wife a 21% interest in the goodwill of the fireworks business and valued her share at $10,500. The Court of Appeals held that goodwill was a marital asset subject to equitable division, but reversed the family court's valuation and remanded for redetermination of Wife's interest.

This Court granted a writ of certiorari to consider two questions:

(1) Was the Court of Appeals correct in holding that goodwill is subject to equitable distribution?

(2) Was the Court of Appeals correct in remanding only a portion of the equitable distribution award without considering the impact of that determination on the remainder of the equitable distribution award and on alimony?

Courts from other jurisdictions are divided as to whether goodwill is marital property divisible upon divorce. *See* Annot., 52 A. L. R. (3d) 1344 (1973); 24 Am. Jur. (2d) *Divorce and Separation* § 899 (1983). The issue is one of first impression in this state.

When the goodwill in a business is dependent upon the owner's future earnings, it is too speculative for inclusion in the marital estate. *See Holbrook v. Holbrook*, 103 Wis. (2d) 327, 309 N. W. (2d) 343 (Ct. App. 1981); *Nail v. Nail*, 486 S. W. (2d) 761 (Tex. 1972). Moreover, these future earnings are accounted for in an award of alimony. *See Holbrook, supra; Beasley v. Beasley*, 359 Pa. Super. 20, 518 A. (2d) 545 (1986).

We hold that goodwill in Husband's fireworks business does not constitute marital property subject to equitable distribution.

In some instances the erroneous designation of an asset as marital property may require remanding for consideration of the entire equitable distribution award and alimony. Here, however, we find the remainder of the equitable distribution award and alimony to be fair and equitable. A remand of the case is, therefore, unnecessary.

It was error to hold that goodwill of Husband's fireworks business was subject to equitable distribution.

Reversed.