1227

Charles Quitman SPIRES, Respondent v. Joyce Ann Player SPIRES, Appellant.

(373 S. E. (2d) 698)

Court of Appeals

*C. Bradley Hutto* and *Karen J. Williams,* of *Williams & Williams,* Orangeburg, *for appellant.*

*Doyet A. Early,* of *Early, Kemp & Ness,* Bamberg, *for respondent.*

Heard Sept. 19, 1988.

Decided Oct. 31, 1988.

SHAW, Judge:

This is an appeal from a family court order which ruled recrimination is not a defense to the statutory bar to alimony. We affirm.

This issue has not been heretofore decided in South Carolina.

In 1987 Mr. Spires commenced an action for divorce on the ground of adultery. Also, he sought to terminate alimony awarded to Mrs. Spires by an earlier order of the family court. Mrs. Spires answered and denied the material allegations and she also counterclaimed for a divorce on the ground of Mr. Spires' alleged adultery or in the alternative for a divorce on the ground of one year's separation. She also pled recrimination as a defense to Mr.

Spires' cause of action requesting a divorce and pled recrimination as a defense to his cause of action asking that alimony be barred.

The family court held both parties had committed adultery but granted a divorce to the parties on the ground of one year's separation. The order held recrimination is not a proper defense to the statutory bar to alimony and terminated the alimony awarded from the previous order.

Section 20-3-130, 1976 Code of Laws of South Carolina, provides in pertinent part:

> .... No alimony shall be granted an adulterous spouse....

Where a statute is clear and unambiguous, there is not room for construction, and, the terms of the statute must be given their literal meaning. *Duke Power Co. v. S. C. Tax Commission*, 292 S. C. 64, 354 S. E. (2d) 902 (1987).

Recrimination does not constitute an exception to this statute. We hold the violation of the law by one's spouse does not justify nor give license to the other to violate the same law without penalty.

Affirmed.

BELL and CURETON, JJ., concur.