23502

RGM, Appellant v. DEM, Respondent.
(410 S.E. (2d) 564)

Supreme Court

*David J. Gundling,* of *Thompson, Henry, Gwin, Brittain & Stevens, P.A.,* Conway, *for appellant.*

*Anita R. Floyd,* of *Floyd and Floyd,* Conway, *for respondent.*

Heard April 1, 1991.

Decided Oct. 28, 1991.

FINNEY, Justice:

Appellant RGM, wife, appeals a family court order granting a divorce from Respondent DEM, husband, on the grounds of one year continuous separation pursuant to S.C. Code Ann. § 20-3-10(5) (1976), as amended, denying alimony and health insurance coverage, distributing the marital property and debt, awarding child support and denying attorney fees.

Appellant and respondent were married on September 4, 1977. Their two children, a girl and a boy, were born January 15, 1978, and November 15, 1983, respectively. The parties experienced problems from the beginning of their marriage and entered marriage counseling in 1984.

In 1986, appellant met the female friend with whom she admits having an extramarital sexual relationship. In 1987, the appellant discovered she had lupus. After the diagnosis, appellant developed a close personal relationship with the female friend which continued throughout the latter years of appellant's marriage. In November of 1987, appellant admitted to the respondent her feelings for her female friend. It was subsequent to this admission that the appellant and her female friend first became physically and sexually intimate.

After learning of appellant's lesbian relationship, the respondent continued his efforts to reconcile the marriage. The record reflects that the appellant and respondent engaged in sexual intercourse on two occasions after appellant's confession of sexual intimacy with the female friend. Thereafter, appellant continued the homosexual relationship. The respondent eventually left the appellant and their children in the top apartment of the duplex owned and occupied by the family and moved into the bottom apartment. The appellant continued her relationship with the female after the respondent moved from the marital residence.

On August 10, 1989, appellant filed a complaint for divorce on the ground of one year continuous separation and sought, *inter alia*, custody of the two minor children of the parties, child support, alimony, equitable division of marital assets and attorney's fees. The respondent counterclaimed, requesting custody of the children, child support, attorney's fees and costs. A hearing was held January 10, 1990, at which the parties informed the court that they had reached an agreement concerning child custody and visitation. The parties moved for a continuance on all other issues raised in the pleadings. A continuance was granted. The family court issued its order dated February 27, 1990, which awarded permanent custody of the minor children to the appellant, delineated visitation privileges and responsibilities and provided that the respondent maintain health insurance for the children.

On March 23, 1990, appellant filed an amended complaint for

divorce on the statutory ground of adultery. On the same date, the respondent filed an amended answer and counterclaim on the identical ground. The appellant replied, asserting the defenses of condonation and recrimination. A hearing was held March 27, 1990, resulting in the family court order of May 15, 1990, which incorporated the order of February 27, 1990, and:

1. Granted the parties a divorce, *a vinculo matrimonii*, one from the other, based upon one year's continuous separation pursuant to S.C. Code Ann. § 20-3-10(5) (1976), as amended.
2. Found that the appellant was guilty of adultery, thus permanently barred from receiving alimony pursuant to S.C. Code Ann. § 20-3-130 (1976); and declined to order the respondent to provide health insurance coverage for the appellant.
3. Distributed the marital property as follows:
   (a) *Business*—Awarded all right, title and interest in and to the business to the respondent.
   (b) *Marital Home*—Awarded the marital home to the respondent together with the obligation to assume the outstanding mortgage.
   (c) *Vacant Lot*—Awarded a vacant lot to the appellant.
4. Ordered the respondent to pay $700 child support monthly.
5. Declined to award either party attorneys' fees, and ordered the respondent to pay the $600 guardian ad litem fee.

On appeal, appellant claims the family court erred 1) in denying health insurance coverage and alimony based upon its erroneous holdings that an extramarital lesbian relationship constitutes adultery, which bars the defense of recrimination to establish entitlement to alimony, and that appellant was precluded from asserting condonation; 2) in the child support award; 3) in valuation of the assets, distribution of the marital property, and apportionment of marital debt; 4) in denying her attorney's fees; and 5) in failing to order reinstatement of her maiden name.

## I. DIVORCE

Appellant contends she is entitled to alimony since homosexual conduct is not included in the definition of adultery for purposes of granting a divorce or barring alimony under S.C. Code Ann. §§ 20-3-10 and 20-3-130.

Section 20-3-10 includes adultery as a ground for divorce. Section 20-3-130 bars the award of alimony to a spouse found guilty of adultery. South Carolina follows the common-law concept of adultery as illicit intercourse between two persons, at least one of whom is married to someone other than the sexual partner. *Panhorst v. Panhorst*, 301 S.C. 100, 390 S.E. (2d) 376 (Ct. App. 1990).

The exclusion argued by appellant is novel to our court, but other jurisdictions have addressed the issue. The Florida District Court of Appeal noted:

> We have seen that evidence of adultery may be considered in an alimony award . . . yet we know of no prior case applying this to a homosexual relationship. Notwithstanding, we find no substantial distinction, because both involve extramarital sex and therefore marital misconduct.

*Patin v. Patin*, 371 So. (2d) 682 at 683 (Fla. Dist. Ct. App. 1979). In *Patin*, the trial court made no finding as to the wife's relationship with her female friend, and the appellate court remanded the case for such a finding. Other courts have also held that homosexual as well as heterosexual extramarital relationships constitute adultery. *See. M.V.R. v. T.M.R.*, 454 N.Y.S. (2d) 779, 115 Misc. (2d) 674 (1982); *Owens v. Owens*, 247 Ga. 139, 274 S.E. (2d) 484 (1981).

We view appellant's definition of adultery as unduly narrow and overly dependent upon the term sexual intercourse. Appellant does not deny that she engaged in an extramarital sexual relationship. Instead, she argues that a narrow interpretation of sections 20-3-10 and 20-3-130 would not include such homosexual activity. We find persuasive the reasoning of the *Patin* Court that explicit extramarital sexual activity constitutes adultery regardless of whether it is of a homosexual or heterosexual character. Accordingly, we conclude that homosexual activity between persons, at least one of whom is married to someone other than the sexual partner, constitutes adultery.

## A. *Alimony And Health Insurance*

Appellant argues that recrimination, like condonation, should be a defense to adultery so that an adulterous spouse is not automatically precluded from alimony if the other spouse also commits adultery.

The record reflects that the respondent met and developed a friendship with a female friend on a trip to India. The friendship continued afterward, but the respondent denied any adulterous relationship with the friend or anyone else during appellant and respondent's cohabitation. Respondent admits that after he and respondent had been separated for more than a year, he had sexual relations with a former girlfriend.

The family court found that both spouses had committed adultery and declined to grant either party a divorce on the ground of adultery.

In addressing the issue of recrimination, our Court of Appeals held that, unlike the defense of condonation, the defense of recrimination does not constitute an exception to the statute barring alimony. *Spires v. Spires*, 296 S.C. 422, 373 S.E. (2d) 698 (Ct. App. 1988).

As to condonation, the family court held that appellant's continued lesbian activity revived the ground of adultery. Condonation may be revoked by subsequent illicit conduct. *Rabon v. Rabon*, 289 S.C. 49, 344 S.E. (2d) 615 (Ct. App. 1986).

We affirm the family court's denial of alimony and health insurance coverage.

## II. CHILD SUPPORT

Appellant asserts that the family court improperly determined the amount of child support based on the factors to be considered in the child support guidelines and made an improper allocation of expenses relating to uncovered medical expenses for the parties' children by using the same percentage as for the distribution of marital property.

The family court utilized guidelines promulgated by the South Carolina Department of Social Services to determine the amount of child support to be assessed. The respondent was ordered to pay child support of $700 per month and maintain health insurance coverage for both children. The order provided that all medical bills incurred for the children and

not covered by medical insurance be apportioned at 60% to the respondent and 40% to the appellant. The family court considered the parents' assets, health, age, general physical conditions and other factors set forth in *Peebles v. Disher*, 279 S.C. 611, 310 S.E. (2d) 823 (Ct. App. 1983). The family court judge based its determination on an annual income of $40,000 for the respondent. The family court found that the appellant has an immediate earning potential of $15,000 annually. In the absence of an affirmative showing to the contrary, we find that the family court's award of child support was appropriately determined.

### III. EQUITABLE DISTRIBUTION

Appellant asserts the family court improperly valued the marital residence, marital lot and marital business.

Total assets awarded to appellant were valued at $18,000. The value placed on assets awarded to the respondent was $91,000, based upon a valuation of $8,000 upon the business. The family court noted the business could be valued up to $22,000 and still achieve a balance between debts and assets for the respondent.

The family court assigned debts of $17,440 to the appellant and $106,360 to the respondent.

#### A. Marital Residence

The respondent received the marital residence, a duplex. The family court found that the $83,000 mortgage debt was equal to its $83,000 valuation and, therefore, the marital residence had no equity value. The record reflects testimony of five to six hundred dollars' equity, and mortgage payments of $830 per month. There is no indication the family court considered potential rental income from the apartment vacated by appellant and the children.

#### B. Marital Lot

The family court judge placed a value of $18,000 on the marital lot with approximate equity of $10,000. The record indicates a payoff figure of $8,611 leaving the equity at $9,389.

#### C. Marital Business

The marital business was valued at $8,000 by the family court. The family court judge determined that as key man in

the business, respondent's annual value was $38,900 and that its hard assets, valued at $8,000, were unencumbered.

In 1980, the respondent started a tree surgeon business. The appellant remained at home as principal homemaker throughout the marriage except for occasionally working in the business. Records show the annual business gross income as follows: 1984—$83,708; 1985—$118,948; 1986—$107,820; 1987—107,947; 1988—$108,978; and 1989—$117,000.

Appellant's expert witness testified that the calculated annual earning potential of the business is $194,685. The witness based his testimony solely on tax returns of the parties, and testified that the defendant's value to the company as its key man was $24,000 per year. By adding the key man's income for the immediately preceding five-year period and subtracting that sum from the five-year earning potential, the expert witness arrived at a business valuation of $74,685, plus $8,000 in hard assets, for a total business value of $82,685.

Marital businesses are to be valued at fair market value as ongoing businesses. *Brandi v. Brandi,* — S.C. —, 396 S.E. (2d) 124 (Ct. App. 1990). The family court accorded weight to goodwill as a business asset, but ruled that goodwill was properly excluded by the expert in computing the value of the business. *See Casey v. Casey,* 293 S.C. 503, 362 S.E. (2d) 6 (1987). We find this reasoning contradictory and hold that fair market value is the standard. Moreover, there is no showing the family court considered appreciation of the business value.

The family court distributed the marital property pursuant to S.C. Code Ann. § 20-7-472 (1976), taking into consideration marital fault and individual contributions. Nevertheless, we conclude that the marital property was incorrectly valued and, therefore, inequitably distributed.

### IV. ATTORNEY'S FEES

The family court ordered the parties to be responsible for their respective attorneys' fees. Appellant only argues inability to pay, which is insufficient to establish that respondent should pay her attorney fees. *See Alliegro v. Alliegro,* 287 S.C. 154, 337 S.E. (2d) 252 (Ct. App. 1985). We find no abuse of discretion by the family court in denying appellant payment of attorney fees.

## V. RESUMPTION OF MAIDEN NAME

The family court did not rule upon appellant's request to resume use of her maiden name. This issue is remanded to the family court for disposition.

## CONCLUSION

Accordingly, we affirm so much of the family court order as grants a divorce on the ground of one year's continuous separation, holds that a homosexual relationship constitutes adultery for purposes of statutorily barring alimony, grants child support, denies health insurance coverage and denies attorney fees.

We remand for reconsideration and disposition that portion of the family court order relating to distribution of marital property and debt, and appellant's request to resume her maiden name.

Affirmed in part; remanded in part.

GREGORY, C.J., and HARWELL, CHANDLER and TOAL, JJ., concur.