650 S.E.2d 680

**Dallas S. MAXWELL, Jr., Appellant,**

v.

**Lori L. MAXWELL, now known as Lori Denise Lette, Respondent.**

**No. 4290.**

Court of Appeals of South Carolina.

Heard June 6, 2007.

Decided Aug. 24, 2007.

Thomas F. McDow, of Rock Hill, for Appellant.

Charles D. Lee, III, of Columbia, for Respondent.

BEATTY, J.

Dallas S. Maxwell (Husband) appeals from the family court's order dismissing his action to terminate the alimony that Lori Maxwell [1] (Wife) was awarded pursuant to a settlement agreement in the parties' prior action for separate maintenance and support. We affirm.

## FACTS

Wife and Husband separated in April 2002, and Wife filed an action for separate maintenance and support in May 2002. Although Wife was the only party represented by counsel, the parties entered into a settlement agreement that was adopted by the family court by final order on June 14, 2002. The agreement granted Wife custody of the parties' three minor children with liberal visitation to Husband. As part of the agreement, Wife was granted unallocated family support of $2,600 per month for ten years and, upon the emancipation of the three minor children, alimony in an amount equal to the unallocated support. The alimony was to be reduced to $1,000 per month in January 2013. The settlement agreement provided that alimony was "non-modifiable and shall continue until the death of the Husband." The agreement further provided that: (1) if the agreement was adopted by the family court, it would be the final determination of all the financial and marital rights of the parties such that there was no need for the issues to be relitigated in a subsequent divorce action; and (2) the provisions of the agreement could not be modified by the parties or the family court except by mutual written consent of both parties in a formal agreement adopted by the family court. Neither party appealed from the order adopting the settlement agreement.

Sometime after the final order issued by the family court adopting the settlement agreement, Husband learned that Wife committed adultery prior to the adoption of the agreement. On May 23, 2003, Husband filed an action for divorce based upon adultery. In the complaint, Husband also requested termination of alimony based upon Wife's pre-agreement adultery. After a bifurcated trial, the family court first grant-

---

1. Wife now goes by the name "Lori Lette."

ed the parties a divorce based upon the grounds of the separation of the parties without cohabitation for greater than one year. In a separate order, the court considered whether Husband was barred from seeking termination of alimony. The court dismissed Husband's claim to terminate alimony with prejudice, finding: (1) Husband failed to raise or plead the avoidance or affirmative defense of adultery to Wife's claim for alimony in the separation agreement, and thus, he was barred from raising it in a subsequent action; (2) Husband's claims were barred by res judicata and collateral estoppel; and (3) the separation agreement provided that alimony was non-modifiable, and thus, the family court could not terminate alimony. Husband's motion for reconsideration was denied, and he appeals.

## STANDARD OF REVIEW

On appeal from the family court, the appellate court has jurisdiction to find facts in accordance with its own view of the preponderance of the evidence. *Murdock v. Murdock*, 338 S.C. 322, 328, 526 S.E.2d 241, 244–45 (Ct.App.1999). However, this broad scope of review does not require us to disregard the family court's findings. *Bowers v. Bowers*, 349 S.C. 85, 91, 561 S.E.2d 610, 613 (Ct.App.2002). "Nor must we ignore the fact that the trial judge, who saw and heard the witnesses, was in a better position to evaluate their credibility and assign comparative weight to their testimony." *Lacke v. Lacke*, 362 S.C. 302, 307, 608 S.E.2d 147, 150 (Ct.App.2005); *see also Dorchester County Dep't of Soc. Servs. v. Miller*, 324 S.C. 445, 452, 477 S.E.2d 476, 480 (Ct.App.1996) (noting that because the appellate court lacks the opportunity for direct observation of witnesses, it should accord great deference to the family court's findings where matters of credibility are involved). Our broad scope of review does not relieve appellant of his burden to convince this court that the family court committed error. *Skinner v. King*, 272 S.C. 520, 522–23, 252 S.E.2d 891, 892 (1979).

## LAW/ANALYSIS

Husband argues the family court erred in dismissing his action to terminate alimony because adultery is listed as an absolute bar to alimony pursuant to statute. We disagree.

■ Whether to award alimony is a decision within the sound discretion of the family court judge and the decision will not be disturbed absent an abuse of discretion. *Degenhart v. Burriss,* 360 S.C. 497, 500, 602 S.E.2d 96, 97 (Ct.App.2004). The South Carolina Code provides for an award of alimony in amounts for such terms as the family court considers appropriate and just, considering the parties' circumstances, and the circumstances of the case. S.C.Code Ann. § 20–3–130(A) (Supp.2006). The statute further provides:

> No alimony may be awarded a spouse who commits adultery before the earliest of these two events: (1) the formal signing of a written property or marital settlement agreement or (2) entry of a permanent order approving a property or marital settlement agreement between the parties.

*Id.* The statutory bar on alimony due to adultery, however, is not absolute. *See RGM v. DEM,* 306 S.C. 145, 150, 410 S.E.2d 564, 567 (1991) (noting that while condonation is a defense to the statutory bar of alimony due to adultery, recrimination is not); *Doe v. Doe,* 286 S.C. 507, 512, 334 S.E.2d 829, 832 (Ct.App.1985) (holding that husband could not avail himself of the statute barring alimony to an adulterous spouse where husband condoned wife's adultery, and thus wife was still eligible for alimony).

■■ Further, the parties may enter a settlement agreement making the payment of alimony non-modifiable and not subject to subsequent modification by the family court. S.C.Code Ann. § 20–3–130(G) (Supp.2006) (stating that the family court may review and approve all agreements bearing on support issues, including alimony, and that the parties "may agree in writing if properly approved by the court to make the payment of alimony as set forth in items (1) through (6) of subsection (B) nonmodifiable and not subject to subsequent modification by the court").[2] "While the family court normally has the authority to modify alimony, once an alimony agreement that specifically disallows modification is approved by the court and merged into a judicial order, it is binding on the parties and the court and is not subject to modification."

---

2. We note that this subsection was not cited by the family court judge in reaching his decision. However, this section was in existence at the time the underlying action for termination of alimony was filed. S.C.Code Ann. § 20–3–130(G) (Supp.2002).

*Degenhart,* 360 S.C. at 500–01, 602 S.E.2d at 98. The family court "must enforce an unambiguous contract according to its terms regardless of its wisdom or folly, apparent unreasonableness, or the parties' failure to guard their rights carefully." *Lindsay v. Lindsay,* 328 S.C. 329, 340, 491 S.E.2d 583, 589 (Ct.App.1997).

In the present case, the parties' agreement specifically provided that it was not modifiable by the parties or by the family court unless both parties agreed in writing to modify it by a formal procedure in the family court. Because the terms of the agreement provide that it is non-modifiable, it is irrelevant that Wife committed adultery prior to signing the separation agreement and that the statute bars alimony to an adulterous spouse. The agreement "overrides" the statutory bar to alimony. *Degenhart,* 360 S.C. at 500–01, 602 S.E.2d at 98. Thus, we find no error in the family court's decision to dismiss the action to terminate alimony.[3]

## CONCLUSION

Because the underlying settlement agreement between the parties provided that it was non-modifiable, we find the family court did not err in dismissing Husband's action to terminate the alimony award in the agreement. Accordingly, the family court's order is

**AFFIRMED.**

ANDERSON and HUFF, JJ., concur.

---

3. Because we affirm the family court on this issue, we decline to address Husband's remaining grounds on appeal. *Futch v. McAllister Towing of Georgetown, Inc.,* 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (holding that the court need not rule on remaining issues when the disposition of a prior issue is dispositive of the appeal).