**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Allison J. Johnson, Respondent,

v.

Russell E. Johnson, Appellant.

Appellate Case No. 2013-000025

Appeal From Richland County
Anne Gue Jones, Family Court Judge

Unpublished Opinion No. 2014-UP-183
Heard March 6, 2014 – Filed April 30, 2014

**AFFIRMED**

Linda Zeigler Jackson and Robert L. Jackson, both of Jackson & Jackson, of Columbia, for Appellant.

James Grant Long, III, Tanya Amber Gee, and Jennifer Joan Hollingsworth, all of Nexsen Pruet, LLC, of Columbia, for Respondent.

**PER CURIAM:** Russell E. Johnson (Husband) appeals a divorce decree, arguing the family court erred in: (1) finding the goodwill of his business was subject to equitable division; (2) awarding Respondent Allison J. Johnson (Wife) a share in

the value of the business based on her direct and indirect contributions; (3) rejecting Husband's claim that he had a fifty percent interest in the business before the parties' marriage; and (4) awarding Wife $36,500.00 in attorney's fees, $3,661.00 in costs, and $7,502.22 in expert fees. After hearing oral argument in the matter,[1] we affirm pursuant to Rule 220(b)(1), SCACR, and the following authorities:

1.      As to the inclusion of the goodwill of Beltone Hearing Care Group, LLC, in the marital estate: *Lewis v. Lewis*, 392 S.C. 381, 389, 709 S.E.2d 650, 654 (2011) ("*[D]e novo* review [in appeals from the family court] neither relieves an appellant of demonstrating error nor requires us to ignore the findings of the family court."); *Pinckney v. Warren*, 344 S.C. 382, 387-88, 544 S.E.2d 620, 623 (2001) (stating the broad scope of review in an appeal from an action in equity does not relieve the appellant of the burden of convincing the appellate court that the trial court erred in its findings); *RGM v. DEM*, 306 S.C. 145, 152, 410 S.E.2d 564, 568 (1991) ("Marital businesses are to be valued at fair market value as ongoing businesses."); *id.* (holding the family court erred in finding an expert witness properly excluded goodwill in computing the value of a business); *Casey v. Casey*, 293 S.C. 503, 504, 362 S.E.2d 6, 7 (1987) ("When the goodwill in a business is dependent upon the *owner's* future earnings, it is too speculative for inclusion in the marital estate." (emphasis added)); *id.* (noting the future earnings of a supporting spouse "are accounted for in an award of alimony"); *Weinberg v. Wallace*, 314 S.C. 183, 187, 442 S.E.2d 211, 213 (Ct. App. 1994) (noting goodwill can adhere to a variety of assets besides the professional skill of a business owner, including the trade name of a business, its physical location, and tangible assets such as fixtures and inventory).

2.      As to the award of thirty percent of the value of Beltone Hearing Care Group, LLC, to Wife based on her direct and indirect contributions: *Epperly v.*

---

[1] During the hearing, counsel for Husband moved to bar opposing counsel from presenting oral argument pursuant to Rule 217, SCACR, noting that Wife's brief included a suggestion that this court overrule *Casey v. Casey*. After receiving assurances from Wife's attorney that he did not intend to present oral argument against precedent, we denied the motion and allowed counsel to proceed. *See* Rule 217, SCACR (requiring a formal motion only for "[o]ral argument against precedent" and expressly providing that "[p]ermission of the appellate court shall not be required to argue against precedent in the brief").

*Epperly*, 312 S.C. 411, 414, 440 S.E.2d 884, 885-86 (1994) (adopting the family court's findings of fact on an issue in which divergent testimony was presented because "the sitting judge was in the best position to determine the credibility of the witnesses").

3.      As to Husband's argument that he had acquired a fifty percent interest in Beltone Hearing Care Group, LLC, prior to the parties' marriage: *Wilburn v. Wilburn*, 403 S.C. 372, 382, 743 S.E.2d 734, 740 (2013) ("If [a spouse] presents evidence to show the property is marital, the burden shifts to the other spouse to present evidence to establish the property's nonmarital character.").

4.      As to the award of attorney's fees, costs, and expert witness fees: *Patel v. Patel*, 359 S.C. 515, 533, 599 S.E.2d 114, 123 (2004) (noting assessment of attorney's fees against a party in a family court action is authorized by statute); *id.* ("An award of attorney's fees rests within the sound discretion of the trial judge and should not be disturbed on appeal unless there is an abuse of discretion."); *Susan R. v. Donald R.*, 389 S.C. 107, 117, 697 S.E.2d 634, 639 (Ct. App. 2010) (affirming a partial award of attorney's fees even though the opposing party prevailed on some of the issues).

**AFFIRMED.**

**HUFF, THOMAS, and PIEPER, JJ., concur.**