0728

Joan Tumbleston BROOKS, Appellant v. William
Edward BROOKS, Respondent.

(345 S. E. (2d) 510)

Court of Appeals

*Thomas O. Berry, Jr.*, St. George, and *Paul E. Tinkler*,
Charleston, *for appellant.*

*James C. Carroll, Jr.* and *Walter M. Bailey*, Summerville,
*for respondent.*

Heard April 15, 1986.

Decided June 9, 1986.

SHAW, Judge:

This is a domestic relations action. Appellant wife, Joan Tumbleston Brooks, appeals the family court's division of the marital property awarding 35% to her and 65% to respondent husband, William Edward Brooks. We affirm as modified.

This court, in domestic relations actions, may find facts according to its own view of the preponderance of the evidence. *Walker v. Frericks*, 285 S. C. 139, 328 S. E. (2d) 126 (Ct. App. 1985).

These parties were married in 1960. Both of their children are now emancipated. The wife brought an action for separate maintenance and support in 1983; however, she did not request alimony. Rather, she sought equitable distribution of the marital property and permanent use of the marital home. The husband counterclaimed for a legal separation and sole use and ownership of the marital home. The family court granted the legal separation, awarded the marital home to the husband, and divided the marital property.

The wife claims the family court erred in awarding her 35% of the marital property. She argues she is entitled to 50%. A family court judge has wide discretion in distributing marital property. *Beinor v. Beinor*, 282 S. C. 181, 318 S. E. (2d) 269 (1984). The judge may use any reasonable means to reach an equitable result. *Bass v. Bass*, 285 S. C. 178, 328 S. E. (2d) 649 (Ct. App. 1985).

Our Supreme Court has set forth some of the criteria a family court judge may consider in making an equitable distribution. *Shaluly v. Shaluly*, 284 S. C. 71, 325 S. E. (2d) 66 (1985). The court listed the criteria as:

> ... (1) respective age, background and earning ability of the parties; (2) duration of the marriage; (3) the standard of living of the parties during the marriage; (4) what money or property each brought into the marriage; (5) the present income of the parties; (6) the property acquired during the marriage by either or both parties; (7) the source of acquisition; (8) the current value and income producing capacity of the property; (9) the debts and liabilities of the parties to the marriage; (10) the present mental and physical health of the parties; (11) the probability of continuing present employ-

ment at present earnings or better in the future; (12) effect of distribution of assets on the ability to pay alimony and support, and (13) gifts from one spouse to the other during the marriage.

At the time of the hearing the husband was 52 years old; the wife 42. The wife's annual gross income exceeded the husband's. The parties had been married 24 years and enjoyed a comfortable standard of living.

The parties maintained separate bank accounts during the marriage. The family court found the husband purchased a certificate of deposit, a savings account, a house, six acres of land, a camper, a boat, an individual retirement account, a riding lawn mower, a tractor, and some furniture. The court found the wife purchased an individual retirement account, a savings account, a credit union account, some furniture, and other deposits. Both parties acquired this property primarily through earnings. The wife also paid for most of the costs of the children's education. She also gave the children money for cars and vacations.

The wife did not work the first eight (8) years of the marriage. She worked thereafter except from 1974-1976 when the plant at which she worked closed. The wife shows a total indebtedness of $340.00 while the husband has no debts. Both parties made substantial non-monetary contritutions during the marriage. The wife performed all the household duties including cooking, cleaning, laundry, and caring for the children. The husband maintained the marital property including fencing the property for cattle, building a fish pond, building a shed, planting a garden each year, reroofing the house, building a patio, building a chimney, digging a deep and shallow well, and landscaping the property.

The wife testified she is in "perfect health." The husband testified he has high blood pressure and is under the care of a doctor. He also has undergone hernia operations which prevent him from engaging in heavy lifting. Based on a doctor's recommendation, he is on permanent light duty in his employment at the Charleston Air Force Base where he performs flight maintenance on aircraft equipment. Because the husband can only perform light duty he is ineligible for

swing shift duty. Thus, he testifies, his pay has decreased $2,000.00.

Nothing in the record indicates the wife will not be able to continue in her present position as a lab technician. Her financial declaration lists her gross income as $2,000.00 a month. The husband is scheduled to retire from his civil service job in March, 1987, when his gross income will fall to $1,380.00 a month.

Considering the *Shaluly* criteria as applied to the entire record, we cannot say the family court abused its discretion in awarding the wife 35% of the marital property instead of the 50% she seeks.

The wife also argues the family court erred in including a savings account, in her name, as marital property. We agree.

The wife inherited $16,000.00 from her father's estate in 1978. She spent $1,000.00 on the marital home. She placed $1,500.00 in a savings account for one of the parties' sons. She evidently used $3,500.00 to buy their other son an automobile and stereo and to start a savings account for him. She deposited the remaining $10,000.00 into a savings account along with $1,000.00 from another account.

The family court included this $11,000.00 in the marital estate. We hold this was error as to the $10,000.00 representing the remainder of the wife's inheritance. This $10,000.00 is not subject to equitable distribution as part of the marital estate. *Hussey v. Hussey*, 280 S. C. 418, 312 S. E. (2d) 267 (Ct. App. 1984). The husband impliedly argues if any portion of an inheritance is used in the furtherance of the marriage, the entire sum loses its independent status and becomes marital property. We reject this argument as meritless.

Affirmed as modified.

SANDERS, C. J., and BELL, J., concur.