0880

JoAnn WINCHELL, Respondent v. Paul WINCHELL, Appellant.
(353 S. E. (2d) .309)

Court of Appeals

*Kelly Cannon* of *Cannon & Kastanes, P.A.*, Williston, *for appellant.*

*J. Martin Harvey, Jr.*, and *Jane Matthews* of *Blatt & Fales*, Barnwell, *for respondent.*

Heard Dec. 17, 1986.

Decided Feb. 16, 1987.

SHAW, Judge:

Respondent-wife, JoAnn Winchell, brought this action against appellant-husband, Paul Winchell, for separate maintenance and an equitable division of the marital property. The family court awarded the wife fifty percent of the marital property and separate maintenance of $750.00 per month, to be reduced to $600.00 per month upon the sale of

certain real estate owned by the parties. The husband appeals and we affirm in part, as modified, and remand in part.

In appeals from the family court, this court may find facts according to its own view of the preponderance of the evidence. *Walker v. Frericks*, 285 S. C. 139, 328 S. E. (2d) 126 (Ct. App. 1985).

These parties were married in 1955. They have no minor children. The wife was employed for a brief time at the beginning of the marriage and contributed her earnings to the family. Since then, she has performed the common responsibilities of a homemaker, including maintaining the marital home and caring for the parties' two children, both of whom are now adults.

The wife is now fifty-one years old. She is a diabetic and has a nervous condition. She has a high school education, but very limited job-related skills. She has no income and expenses of approximately $685.00 per month. The husband is fifty-four years old and in good health. His net monthly income is $2,346.88 against expenses totalling $1,350.06.

The husband argues the family court erred in determining the marital estate. The court found the marital estate includes two houses and lots in Texas valued at $69,000.00 with liens against them totalling $6,000.00, the husband's IRA valued at $8,750.00, the wife's IRA valued at $750.00, three life insurance policies together worth $8,602.00, stocks and bonds worth $23,606.00, and furniture and a coin collection worth $8,280.00.

The husband first contends his service life insurance policy should not have been included in the marital estate. The wife stipulated to this at the hearing. However, the family court order includes this policy in the marital estate and lists an amount which is the total value of all of the parties' policies, including the service policy. We remand this issue for the family court to determine the value of the service policy and subtract it from the total listed as marital property.

The husband next contends the family court erred in including the total value of his company stock in the marital estate. He testified at the hearing his employer contributed $1.00 to every $3.00 contributed by an

employee. This court has held shares of stock in a retirement fund are not subject to equitable distribution to the extent they represent employer contributions. *Wingard v. Wingard,* 288 S. C. 644, 344 S. E. (2d) 191 (Ct. App. 1986). However, the nature of the stock at issue is not clear from the record. We remand this issue to the family court for a determination of whether the employer's contributions to stock purchases are in the nature of a retirement fund or merely represent additional compensation to the employee-husband. If the family court determines the contributions are to a retirement fund, we direct the court to determine the exact amount contributed by the husband's employer and subtract that amount from the marital estate.

The husband also claims the family court erred in valuing the stock and the parties' IRA accounts. The family court based its valuation of the stock on the husband's financial declaration and we find no error. The wife stipulates the family court overvalued the IRA accounts by $750.00. The husband listed the value of both accounts as $8,750.00 and, evidently, the family court understood this to represent the value of only the husband's IRA. We modify the order to reflect a total value of *both* accounts as $8,750.00. We find no merit in the husband's argument the court erred in characterizing the IRA accounts and the stock as liquid assets.

The husband also claims the family court erred in failing to identify the specific personal property each party is entitled to. The order notes the parties agreed to a division of most of the personal property, including the household furnishings. Neither party introduced any evidence as to the value of these items and we hold the court did not err in relying on the parties' agreement as to this property.

The husband also challenges the family court's division of the marital property. He argues the fifty percent award to the wife is error because it is unsupported in the record.

A family court is permitted wide discretion in distributing marital property. *Beinor v. Beinor,* 282 S. C. 181, 318 S. E. (2d) 269 (1984).

The husband complains the wife did not submit a financial declaration to the court. Family Court Rule

19 allows a family court judge a certain amount of discretion in requiring a financial declaration. Rule 19 states:

> A current financial declaration ... shall be served and filed by any petitioner or respondent appearing at any hearing at which the court is to determine an issue *as to which such declaration would be relevant* and so much thereof shall be completed as is applicable to the issue to be determined, *unless otherwise ordered by the court.* ... (emphasis added).

The husband made no attempt at trial to have a financial declaration required and, under the facts of this case, we hold the family court did not abuse its discretion in failing to require a declaration.

The court based its award of fifty percent primarily on the wife's contributions as a homemaker as allowed in *Parrott v. Parrott*, 278 S. C. 60, 292 S. E. (2d) 182 (1982). Considering the entire record we cannot say the family court abused its discretion.

Finally, the husband argues the family court erred in awarding the wife separate maintenance. We hold the family court did not abuse its discretion in making the award, particularly in light of the relative financial condition, health, and income producing capacity of the parties.

Affirmed in part, as modified; remanded in part.

SANDERS, C. J., and GARDNER, J., concur.