1111

William C. KENDALL, Appellant v. Gayle George KENDALL, Respondent.
(367 S. E. (2d) 437)

Court of Appeals

*Frank M. Cisa, Burkett, Guerard, Bargmann, Wooddy, Cisa, O'Neill & Styles,* Charleston, *for appellant.*

*John B. Thomas, Thomas & Ginn,* Charleston, *for respondent.*

Heard Feb. 15, 1988.

Decided March 14, 1988.

GARDNER, Judge:

In this divorce action, the husband appeals from that portion of the decree awarding the wife an interest in the marital home. The parties lived together before marriage during which time the husband bought a lot and built a home on it; at the time of the purchase the property was titled in the husband's name. After the parties were married, they lived together about eighteen months. About five months after they separated, the husband instituted this action. The appealed order implicitly held that the marital home had been transmuted into marital property and awarded the wife 20 percent of the proceeds from a sale of

the home as equitable distribution of the marital estate. We affirm.

The sole issue on appeal is whether Section 20-7-473, Code of Laws of South Carolina (Supp. 1987), negates the case law of this state pertaining to transmutation of non-marital property.

The Equitable Apportionment of Marital Property Act (the Act), Sections 20-7-471 through 20-7-479, Code of Laws of South Carolina (Supp. 1987) was enacted in 1986 and is now part of the Code of Laws for this state. Section 20-7-473 defines marital property as that property acquired by the parties during the marriage; the statute also provides for certain exceptions not pertinent to this decision.

The husband contends that since he purchased the house before the marriage, it is non-marital property under the Act. In essence, he implies that since the Act does not expressly provide for transmutation of non-marital property into marital property, the pre-existing case law relating to transmutation was overruled by these statutes. We disagree.

While it is presumed that the legislature had full knowledge and information as to prior judicial decisions and existing law on the subject of equitable distribution, it is also presumed that the legislature did not intend to overthrow or depart from established principles of law beyond what it declares either expressly or by necessary implication. *See* 82 C.J.S. *Statutes* Section 316 (1953) and the many cases annotated thereunder, including *Varn v. Beattie,* 171 S. C. 424, 172 S. E. 442 (1934).

Moreover, courts will construe a statute so as to escape an absurd result and at the same time carry out the intention of the statutes. *State ex rel. McLeod v. Montgomery,* 244 S. C. 308, 136 S. E. (2d) 778 (1964). If a spouse owned a home before marriage and after marriage the couple lived in the house fifty years, it would be absurd to say that the property had not been marital property. We hold, therefore, that it was not the intent of the General Assembly to abolish the law of transmutation by the passage of the Equitable Aportionment of Marital Property Act.

We further hold that the record supports the Family Court's decision to award the wife a 20 percent interest in the house. There is ample evidence that the wife contributed

to the financing and upkeep of the house, as well as evidence of other factors entitling her to an interest in the marital property.

For the reasons stated, we affirm the appealed order.

Affirmed.

SANDERS, C. J., and BELL, J., concur.