22948

Carolyn STRICKLAND, Appellant v. Waymon David STRICKLAND, Respondent.

(376 S. E. (2d) 268)

Supreme Court

*Michael F. Mullinax, Dunaway, Mullinax & Standifer,* Anderson, *for appellant.*

*Robert P. Lusk, Kenyon and Lusk,* Anderson, *for respondent.*

Heard Oct. 18, 1988.

Decided Jan. 23, 1989.

TOAL, Justice:

Carolyn Strickland petitioned the Family Court for a divorce from her husband, Waymon David Strickland, on the ground of one year's continuous separation without cohabitation. Both parties sought equitable distribution of the marital estate. In addition, the wife sought permanent periodic alimony and attorney's fees. The court granted the divorce, awarded the wife permanent alimony in the amount of $200 per month and distributed the marital estate. The wife appeals the alimony award, the equitable distribution and the attorney's fees.

The parties were married on December 20, 1958. They separated in September 1985. At the time of the hearing, Mr. and Mrs. Strickland were both 46 and in good health. Three children, who are now emancipated, were born of the marriage.

Mr. Strickland is employed as a civilian employee with the Department of the Army. He is also a member of the Reserves. He earns approximately $1,900 to $2,400 a month against monthly expenses of approximately $1,310. In addition, he qualifies for two retirement programs: one from the Army Reserves and the other from Civil Service Retirement.

Mrs. Strickland graduated from high school and completed one year of business school. During the marriage, she held several part-time jobs, but mostly worked as a homemaker and raised their three children. She has not worked outside the home since 1980. She has some secretarial skills and is currently enrolled in a computer course.

Mrs. Strickland received a large inheritance from her brother in 1980. This money has been kept separate from the money earned by Mr. Strickland. Approximately $99,000 of this money remains in checking and savings accounts. Mrs. Strickland testified that she has used some of the inheritance money to support the family and that $11,186.75 was used to build a swimming pool at the marital home. Approximately $16,000 is invested in stocks, property and a condominium. Her monthly income is approximately $877 from interest and rental payments against expenses of approximately $2,000.

## ALIMONY

Mrs. Strickland argues that the alimony award of $200 per month is inadequate. We agree. In reviewing the factors to be considered in awarding alimony as set forth in *Lide v. Lide*, 277 S. C. 155, 283 S. E. (2d) 832 (1981), the trial judge failed to give proper consideration to two of the factors.

First, the lower court incorrectly valued Mrs. Strickland's monthly income. In his Order, the trial judge stated that Mrs. Strickland's total monthly income after deductions was approximately $942. This figure, however, includes $300 that was being paid by Mr. Strickland as temporary maintenance

during the legal separation of the parties. Once the divorce is granted, Mrs. Strickland's monthly income would be reduced by $300.

In addition, the lower court failed to give full consideration to the necessities of the wife. The judge ordered the marital residence to be sold. Mrs. Strickland had been living at the marital home and, therefore, was not paying rental or mortgage payments when her financial declaration was completed. Once the house is sold, the wife's expenses will be increased to pay for housing. This fact was not considered by the lower court.

In an action in equity, tried by the judge alone, this court on appeal has jurisdiction to find facts in accordance with its views of the preponderance of the evidence. *Townes Assoc. Ltd. v. City of Greenville*, 266 S. C. 81, 221 S. E. (2d) 773 (1976). After reviewing the record and in light of the considerations discussed above, we conclude that the alimony award of $200.00 is inadequate and increase the award to $400.00 per month.

## EQUITABLE DISTRIBUTION

Mrs. Strickland argues that the trial judge erred in his determination as to equitable distribution by failing to credit her with $11,186.75 paid from her inheritance to build a swimming pool at the marital home. Mrs. Strickland argues that the money used to pay for the swimming pool was inherited money; and, therefore, constitutes non-marital property which is not subject to equitable distribution. She contends that the lower court erred when it failed to credit her with the amount expended.

The Equitable Apportionment of Marital Property Act, S. C. Code Ann. § 20-7-473(1), provides that property acquired by inheritance does not constitute marital property. This section further provides that the court does not have jurisdiction to apportion non-marital property. We note, however, that the Equitable Apportionment of Marital Property Act does not abrogate or abolish the doctrine of transmutation and we adopt the reasoning of our Court of Appeals as set forth in *Kendall v. Kendall*, 295 S. C. 136, 367 S. E. (2d) 437 (Ct. App. 1988) regarding the continued vitality of the doctrine of transmutation. Therefore,

inherited property may be transmuted into marital property when the property becomes commingled; is utilized in support of the marriage; or utilized in such a manner as to evince an intent to make it marital property. *Peterkin v. Peterkin*, 293 S. C. 311, 360 S. E. (2d) 311 (1987); *Hussey v. Hussey*, 280 S. C. 418, 312 S. E. (2d) 267 (Ct. App. 1984).

Here, the swimming pool was transmuted into marital property. Mrs. Strickland testified that the swimming pool was installed in 1981 for the purpose of treatment for her son following hip surgery. She also testified the cost of the pool was submitted as a medical deduction for State and Federal income tax. Therefore, the lower court properly denied Mrs. Strickland a credit for the amount of the pool.

Mrs. Strickland also argues that the trial judge improperly valued the property subject to equitable distribution. In an equitable distribution of property, it is counsel's duty to present evidence from which the judge may find with a reasonable degree of accuracy the value of the property sought to be equitably distributed and the judge should then find values. Family Court Rule 27; *Shaluly v. Shaluly*, 284 S. C. 71, 325 S. E. (2d) 66 (1985).

Each party assigned a value to the personal property items. In several cases, the values were very different, but in regard to the majority of items, the values were very similar. In each case, the lower court assigned a value that fell somewhere between those cited by the parties. After examining the record, we conclude that the trial judge did not abuse his discretion.

## ATTORNEY'S FEES

Mrs. Strickland argues that her husband should pay her attorney's fees. The trial court failed to address this issue.

The factors to be considered in awarding attorney's fees are as follows:

(1) The nature, extent, and difficulty of the legal services rendered;

(2) The time and labor necessarily devoted to the case;

(3) The professional standing of counsel;

(4) The contingency of compensation;

(5) The beneficial results accomplished; and

(6) The fee customarily charged in the locality for similar legal services.

*Johnson v. Johnson*, 288 S. C. 270, 341 S. E. (2d) 811 (Ct. App. 1986).

The record does not support the award of attorney's fees. The only evidence introduced was an affidavit stating that more than 20 hours had been spent on the preparation of the case. Therefore, the factors cited above could not have been considered by the court because of the lack of evidence. Each party shall be responsible for their own attorney's fees.

For the foregoing reasons, the lower court is

Affirmed as modified.

GREGORY, C. J., and HARWELL, CHANDLER and FINNEY, JJ., concur.