1547

Jo Ann Curtis BRANDI, Respondent v. Robert R. BRANDI and Bob Brandi Stations, Inc., Appellants.

(396 S.E. (2d) 124)

Court of Appeals

*S. Jahue Moore,* of *Kirkland, Taylor, Wilson, Moore, Allen & Deneen,* West Columbia, *for appellants.*

*John M. Williamson, III,* Columbia, *for respondent.*

Heard Aug. 20, 1990.

Decided Sept. 17, 1990.

*Per Curiam:*

This is a domestic case. The parties were married ten years. The court granted the wife a divorce on the ground of adultery. The court awarded $1500 per month in alimony to the wife and a thirty percent equitable interest in the marital property. Additionally, the court awarded attorney fees and costs to the wife. The husband appeals the decision in various respects. We affirm in part, reverse in part, and remand.

## EQUITABLE DISTRIBUTION OF
## MARITAL PROPERTY

The parties were married in 1978. At the time of the marriage, Mr. Brandi was operating a leased Texaco station. Mrs. Brandi was employed at a state agency. Mr. Brandi recognized the trend toward convenience stores as opposed to full service gasoline stations. In the early 1980's Mr. Brandi located and purchased the first of several sites on which he constructed a convenience store. By the time the parties separated and marital litigation was commenced, Mr. Brandi had opened four convenience stores.[1]

Shortly after the marriage, Mrs. Brandi left state employment and began a typing business. The business was opened with the financial assistance of Mr. Brandi. During the eight years of operation Mrs. Brandi testified she knew nothing about the financial condition of the business because it was handled through Mr. Brandi's operations. The typing business was sold during the marriage for $15,000. Mrs. Brandi testified she worked at one of the convenience stores for the final two years of the marriage as a paid employee. During 1987 she earned approximately $7500. Her employment was terminated in 1988 after the parties' separation.

The parties achieved an affluent lifestyle during the marriage. The marital residence was sold for $250,000 with a realization of $164,000 in equity which they equally divided. The Brandis also owned substantial personal property and had certificates of deposit and I.R.A. accounts valued at $67,000.

The family court held the net value of the marital property,

---

[1] These stores were owned by Bob Brandi Stations, Inc. whose stock was solely owned by Mr. Brandi. The stores are the Ballentine Pitt Stop, Irmo Pitt Stop and empty lot, Lexington Pitt Stop, and Chapin Pitt Stop.

exclusive of the residence, was $1,716,216.10. The court awarded Mrs. Brandi a thirty percent interest valued at $514,864.83. To effect this division, the court awarded her a lake lot and required Mr. Brandi to pay the balance in cash within six months.

Mr. Brandi challenges the family court's finding that the business was marital property. He also asserts error in the valuation of the business and the apportionment of thirty percent of the marital property to Mrs. Brandi.

S.C.Code Ann. Section 20-7-473 (Cum.Supp.1989) defines marital property as "all real and personal property which has been acquired by the parties during the marriage and which is owned as of the date of filing or commencement of marital litigation . . . regardless of how legal title is held." Under this definition the business property acquired by Mr. Brandi during the course of the marriage, including the four convenience stores in question, is marital property. He argues the stores are not marital property because they were acquired based upon his good credit reputation and income generated from the leased Texaco station. We reject this argument. While Mr. Brandi's good credit reputation may be considered by the court as a contribution by him to the acquisition of the convenience stores, it cannot be considered real or personal property. Any income Brandi received from the leased Texaco station after the marriage of the parties constituted marital property. Mr. Brandi has not established what, if any, premarital assets were utilized in financing the convenience stores. The burden to show an exemption under *S.C. Code Ann.* Section 20-7-473 is upon the one claiming that property acquired during the marriage is not marital. *Roberts v. Roberts*, 296 S.C. 93, 370 S.E. (2d) 881 (Ct. App. 1988), *aff'd as modified*, 299 S.C. 315, 384 S.E. (2d) 719 (1989). We affirm the inclusion by the family court of the Ballentine, Lexington, Irmo, and Chapin convenience stores as marital property.

Mr. Brandi also challenges the valuation of the business. Both parties presented real estate appraisals of the convenience stores. Mr. Brandi also presented the testimony of his accountant. The accountant utilized Mr. Brandi's real estate appraisals as well as monthly financial statements to present evidence of the assets and liabilities of

the Brandis. In its order, the family court utilized the real estate appraisals presented by Mrs. Brandi to derive a value for the land and building at each location. The court then deducted the mortgage balance to compute an equity value for each business site. The court also valued and included as marital property the stock held by Mr. Brandi in Bob Brandi Station Inc., a subchapter S corporation.

We find the method used to value the business flawed. The business is to be valued at its fair market value as a going business.[2] *Reid v. Reid*, 280 S.C. 367, 312 S.E. (2d) 724 (Ct. App. 1984). While there was no error in utilizing the real estate appraisals offered by Mrs. Brandi, as opposed to those of Mr. Brandi, the valuation should also have considered other factors such as inventory, accounts payable and receivable, and other legitimate assets or liabilities. This court has reviewed the three volume record and specifically the testimony of Mr. Brandi's accountant. We hoped to resolve this matter on the record. However, the charts utilized by the accountant are not in the appellate record. Accordingly, we remand the issue of valuation of the business to the family court.

A third issue in the equitable apportionment is the thirty percent share of the marital estate awarded to Mrs. Brandi. The factors a court must consider in making an apportionment are outlined in *S.C. Code Ann.* Section 20-7-472 (Cum. Supp. 1989). The marriage lasted ten years. The parties are of approximately the same age, but the husband is in better health. The court found marital misconduct by Mr. Brandi which caused the breakup of the marriage. Mr. Brandi has demonstrated a greater earning capacity and has far greater nonmarital assets. He has made most of the direct contributions to the acquisition of the marital property while Mrs. Brandi's contributions have been primarily indirect contributions as a homemaker. The apportionment of the marital estate is a matter left to the sound discretion of the trial court. *Rampey v. Rampey*, 286 S.C. 153, 332 S.E. (2d) 213 (Ct. App. 1985). The family court may use any reasonable means to effectuate an equitable division. *Bass v. Bass*, 285 S.C. 178,

---

[2] We remind the trial court on remand that it is improper to include boththe value of the assets and the stock of Bob Brandi Stations, Inc. in the marital estate.

328 S.E. (2d) 649 (Ct. App. 1985). Clearly, the award to the wife was most liberal. However, we cannot say it amounted to an abuse of discretion. See *Winchell v. Winchell*, 291 S.C. 321, 353 S.E. (2d) 309 (Ct. App. 1987) (wife awarded 50 percent interest based largely on indirect contributions); *Chastain v. Chastain*, 289 S.C. 281, 346 S.E. (2d) 33 (Ct. App. 1986) (court abused its discretion in awarding a middle aged husband only 25 percent equity in marital home); *Brooks v. Brooks*, 289 S.C. 352, 345 S.E. (2d) 510 (Ct. App. 1986).

We affirm the order of the family court so far as it includes the four convenience stores as marital property. We also affirm the thirty percent apportionment to Mrs. Brandi. We reverse and remand for a revaluation of the business.

## ALIMONY

The family court awarded Mrs. Brandi $1500 per month in permanent periodic alimony. Mr. Brandi argues this is error. We reverse and remand the award of alimony for reconsideration.

In making the award the family court found Mr. Brandi had substantial income and assets. The judge also found the parties had enjoyed a high standard of living. The record indicates Mrs. Brandi had not procured employment since her separation although she is an expert typist. She was living in a three bedroom condominium on Lake Murray.

We find the trial judge abused his discretion in the award of alimony because Mrs. Brandi's expenses appear excessive when considered in conjunction with the fact she has not procured employment since her separation. Although alimony is a substitute for the support normally incident to the marital relationship, it should not serve as a disincentive for a spouse to improve his or her employment potential or to dissuade the spouse from providing, to the extent possible, for her own support. *Johnson v. Johnson*, 296 S.C. 289, 372 S.E. (2d) 107 (Ct. App. 1988), *cert. den.*, 298 S.C. 117, 378 S.E. (2d) 445 (1989). We also are inclined to remand this issue for further consideration given our remand of the valuation of the business. We believe the family court should give further consideration in the alimony award to the amount of marital property Mrs. Brandi will receive in the equitable distribution.

## EXCLUSION OF WITNESS
## TESTIMONY

Mr. Brandi asserts the family court erred in excluding the testimony of two witnesses. These witnesses would purportedly have testified concerning adultery by Mrs. Brandi. One witness worked at a dry cleaner and would have testified Mrs. Brandi brought her laundry to the dry cleaner in the company of a man. The other witness apparently would have testified to adultery by Mrs. Brandi. This person was not identified nor was a full proffer of proof permitted by the court. The court excluded the testimony of the witnesses because their names were not timely supplied to counsel for Mrs. Brandi. According to the record the second witness was not identified until the night before trial.

We find no prejudicial error by the exclusion of the testimony of the dry cleaner employee. According to the proffer, she would have testified Mrs. Brandi delivered her laundry in the company of a man. Even if admitted, this evidence does not prove adultery.

The second witness would purportedly testify to adultery by Mrs. Brandi. According to the record this witness was discovered and identified to opposing counsel the night before trial. The court excluded the witness finding the witness was identified too late to afford an opportunity for a deposition.

It does not appear counsel for Mr. Brandi willfully violated S.C.R. Civ. P. 33 by failing to supplement answers to interrogatories. The record supports the inference the witness was literally discovered the night before trial. Since exclusion of a witness is a severe sanction the court should inquire into (1) the type of witness involved; (2) the content of the evidence to be presented; (3) the nature of the failure to identify the witness; and (4) the degree of surprise to the other party. *Moran v. Jones*, 281 S.C. 270, 315 S.E. (2d) 136 (Ct. App. 1984); *Laney v. Hefley*, 262 S.C. 54, 202 S.E. (2d) 12 (1974).

Since this case is being remanded to the family court on other issues we deem it appropriate to remand this matter also. Under the circumstances we find counsel for Mr. Brandi should notify counsel for Mrs. Brandi of the name of this witness upon receipt of this opinion. Mrs. Brandi will then have the opportunity to contact or depose this person if necessary.

We also find Mrs. Brandi should have the opportunity to call rebuttal witnesses if deemed necessary.

## PREJUDICE OF THE TRIAL COURT

Mr. Brandi argues the family court judge acted in a prejudicial manner by indicating the parties had only two days to try the case and by making remarks during the course of the trial indicating his impatience with the progress of the case. Apparently, the family court judge was assigned to the case after the pretrial conference had been held and the case assigned two days for trial.

We have completely reviewed the record. It appears to us the parties were able to present their cases fully during the two day trial. Mr. Brandi has not pointed out any evidence he was not allowed to admit because of the time constrictions. The court did on occasion indicate the case should progress faster but we note this was often done because of repetitious testimony. We find no evidence in the record of prejudice on the part of the trial judge and this exception is without merit.

## ATTORNEY FEES AND COSTS

The family court awarded Mrs. Brandi $10,000 in attorney fees and costs of $11,000. The record indicates Mrs. Brandi retained counsel at an hourly rate of $100. She had incurred unpaid fees as of the date of hearing totaling $10,043.26. Mr. Brandi had paid $2500 in fees during the pendency of the case as required by court order. The costs included private investigator fees, appraisal fees, and accounting fees.

The award of attorney fees and costs in a domestic action is a matter within the sound discretion of the trial judge and the award will not be reversed absent an abuse of discretion. *Donahue v. Donahue*, 299 S.C. 353, 384 S.E. (2d) 741 (1989). The factors to be considered have been enumerated many times. *See Strickland v. Strickland*, 297 S.C. 248, 376 S.E. (2d) 268 (1989).

Upon our review of the record we do not find the family court abused its discretion in the award of fees and costs.

Affirmed in part, reversed in part, and remanded.