482 S.E.2d 789

**Tommie D. BEYER, Respondent,**

v.

**Kenneth METZE, Appellant.**

**No. 2636.**

Court of Appeals of South Carolina.

Submitted Feb. 4, 1997.

Decided Feb. 18, 1997.

*Sanderson v. Paul,* 235 N.C. 56, 69 S.E.2d 156 (1952) (a witness is never prohibited from testifying against his own interest).

Andrew E. Haselden, of Barnes, Alford, Stork & Johnson; and Stephanie M. Mealing; Columbia, for appellant.

Dana A. Cooper, Columbia, for respondent.

GOOLSBY, Judge:

This is an action to register and enforce an Ohio support order under the South Carolina Uniform Interstate Family Support Act (UIFSA), S.C.Code Ann. § 20–7–960, *et seq.* Kenneth R. Metze, Sr. appeals the family court's finding that it did not have subject matter jurisdiction to order blood tests to determine paternity. He also complains the family court abused its discretion by denying his request for discovery and blood tests. We affirm.[1]

Tommie D. Beyer (Beyer) and Kenneth R. Metze, Sr. (Metze) were married in South Carolina on December 20, 1972. A child, Kenneth R. Metze, Jr., was born on October 2, 1975. Beyer left Metze in August 1977 and moved to Ohio. Beyer and Metze have had no contact since August 1977. Beyer gave birth to Joshua G. Beyer on September 2, 1979, and to Danielle A. Beyer on October 5, 1980. In 1981, Beyer initiated divorce proceedings in Ohio. Metze was served with the proceedings by certified mail. Metze filed a written response with the Ohio family court in which he acknowledged paternity of Kenneth R. Metze, Jr., but denied paternity of Joshua and Danielle Beyer.

---

1. Because oral argument would not aid the court in resolving the issues, we decide this case without oral argument pursuant to Rule 215, SCACR.

The Ohio family court granted the divorce. The divorce decree, entered on November 25, 1981, found three children, Kenneth Metze, Jr., Joshua Beyer, and Danielle Beyer, to have been born during this marriage. Custody of the children was granted to Beyer, subject to reasonable visitation by Metze. Metze was also ordered to pay to Beyer child support in the amount of $25.00 per week per child, totaling $75.00 per week. Metze did not challenge nor appeal the Ohio divorce decree. Metze also relied on the validity of the Ohio divorce decree by subsequently remarrying.

Beyer later married the putative father of Joshua and Danielle Beyer and had three other children, who also have the name Beyer. Beyer and her family have continued to reside in Ohio, and have received Aid to Families with Dependent Children (AFDC) since April 1981.

On August 15, 1994, the Fairfield County (Ohio) Child Support Enforcement Agency filed a petition under the UIFSA requesting enforcement of the existing support order and payment of accumulated arrearages in the amount of $48,675.00. This petition was forwarded to the Office of Child Support Enforcement, South Carolina Department of Social Services (DSS).

On April 26, 1995, DSS filed a notice of filing and registration of a foreign support order. Metze was served with the notice on May 10, 1995 by certified mail. On May 24, 1995, Metze filed an answer and counterclaim in which he stated he was "not the father of at least two of the minor children." Metze also requested paternity testing in his answer and counterclaim.

A hearing was held on June 12, 1995 to hear Metze's defenses. Metze's sole defense was to claim nonpaternity of the two youngest children. Counsel for DSS objected to Metze's request for blood tests to establish paternity, arguing Metze could not assert nonpaternity as a defense to a UIFSA registration proceeding. DSS argued paternity had already been adjudicated during the divorce proceedings, and Metze was estopped from challenging paternity fourteen years after the support order had been issued.

In its written order, the family court held it did not have jurisdiction to allow for blood tests to establish paternity.

While the family court denied Metze's request for blood tests, it stayed the registration of the order for ninety days to allow Metze time to file a paternity action in Ohio, the initiating jurisdiction. Metze timely filed a motion to reconsider, which was denied. Metze then filed this appeal.

■ In appeals from the family court, we have jurisdiction to find facts in accordance with our own view of the preponderance of the evidence. *Brooks v. Brooks*, 289 S.C. 352, 345 S.E.2d 510 (Ct.App.1986).

■ 1. Metze first complains the trial judge erred in determining the family court did not have subject matter jurisdiction to consider his nonpaternity defense to the registration.

Under the UIFSA, seven defenses are available to a party contesting the validity or enforcement of a registered order. *See* S.C.Code Ann. § 20–7–1144(A) (Supp.1995). The UIFSA specifically provides that "[a] party whose parentage of a child has previously been determined by law may not plead nonparentage as a defense to a proceeding under this subsection." S.C.Code Ann. § 20–7–1095 (Supp.1995).

Metze argues the Ohio divorce decree merely states that three children were born during this marriage, and this wording does not constitute a determination of paternity. We disagree. The wording, read in conjunction with the provisions allowing Metze visitation of the children and requiring him to pay support for them, clearly implies paternity. See Annotation, "Paternity Findings as Res Judicata," 78 A.L.R.(3d) 846, 848 n. 4 (1977) (although the family court may not make specific findings regarding paternity in a divorce action, paternity may be implied by, for example, an order directing the husband to pay support for a child of the wife.). As paternity of the children had previously been determined in an order which was neither challenged nor appealed, the family court correctly ruled it did not now have jurisdiction to order blood tests.

2. Metze next complains the family court abused its discretion by denying his requests for blood tests and discovery. We find no abuse of discretion.

The trial court's rulings on discovery matters will not be disturbed on appeal, absent a showing of a clear abuse of discretion. *Hook v. Rothstein*, 281 S.C. 541, 316 S.E.2d 690 (Ct.App.1984). This court may find an "abuse of discretion" where the appellant shows that the conclusion reached by the lower court was without reasonable factual support, resulted in prejudice to the right of appellant, and amounted to an error of law. *Darden v. Witham*, 263 S.C. 183, 209 S.E.2d 42 (1974).

Our review of the record reveals Metze only requested blood tests and no other form of discovery. In his answer and counterclaim, Metze requested "genetic testing" to determine paternity of the children. At the hearing, counsel for Metze again requested blood tests, stating, "and that's all we're asking for[,] your Honor." In his motion to amend or alter the judgment, filed pursuant to Rule 59(e), SCRCP, Metze specifically requested "discovery in the form of blood testing." Because the family court already correctly determined it was without subject matter jurisdiction to order blood tests to determine paternity, it committed no abuse of discretion in refusing to order the blood tests.

**AFFIRMED.**

CONNOR and HUFF, JJ., concur.