THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Cathryn G. Gaither, Respondent,
 
 
 

v.

 
 
 
 William C. Gaither, III, Appellant.
 
 
 

Appeal From Horry County
 H. E. Bonnoitt, Jr., Family Court Judge

Unpublished Opinion No. 2006-UP-422
Submitted December 1, 2006 Filed December 19, 2006

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED

 
 
 
 Russell Patrick Brehn, of Conway, for Appellant.
 Thomas D. Guest, Jr., of Murrels Inlet, for Respondent.
 
 
 

PER CURIAM:  In this domestic relations action, William C. Gaither, III (Husband) appeals the family courts order concerning the identification of certain real property as marital property and the award of attorneys fees to Cathryn G. Gaither (Wife).  We affirm in part, reverse in part, and remand. [1]
FACTS
Husband and Wife were married on May 8, 1999, in Gatlinburg, Tennessee and resided in Horry County, South Carolina.  The parties separated on May 15, 2003.  After the separation, Husband relocated to Cashiers, North Carolina, while the Wife remained in Horry County. 
On May 16, 2003, Wife filed for divorce on the ground of adultery.  Pursuant to her complaint and amended complaint, Wife sought a divorce, separate support and maintenance, alimony, equitable division of the marital assets and debts, discovery, restraining orders, and attorneys fees.  Husband filed an answer and counterclaim, seeking separate support and maintenance, equitable division of the marital assets and debts, restraining orders, discovery, and attorneys fees.    
After a hearing, during which Husband appeared pro se, the family court issued its order in which it:  (1) denied Wifes request for a divorce on the ground of adultery; (2) denied Wifes request for alimony; (3) equitably apportioned the marital property; and (4) awarded Wife partial attorneys fees in the amount of $16,000.  The court specifically found that neither party had any nonmarital property of any significant value.  In terms of the real property comprising part of the marital estate, the court found the total equity to be valued at $882,000.  This valuation consisted of five pieces of real estate, which included property in Myrtle Beach located at 400 and 402 29th Avenue North and 5405 North Ocean Boulevard.  In determining each partys percentage of the real property, the court found the majority of the real property was acquired through [Husbands] inherited funds; and, thus, the property shall be divided on a 67/33% basis with the [Husband] receiving 67% and the [Wife] receiving 33%.  As a result, the court valued Wifes share to be $291,060.  To effectuate this division, the court awarded Wife a lot on Lake Keowee, which was valued at $12,000, and ordered Husband to pay $279,060 to Wife within six months of the date of the order.  Husband filed a motion and an amended motion to reconsider pursuant to Rule 59(e), SCRCP.  After the court denied the motion, Husband filed this appeal.
STANDARD OF REVIEW
In appeals from the family court, this court has authority to find the facts in accordance with our own view of the preponderance of the evidence.  Woodall v. Woodall, 322 S.C. 7, 10, 471 S.E.2d 154, 157 (1996).  However, [b]ecause the family court is in a superior position to judge the witnesses demeanor and veracity, its findings should be given broad discretion.  Scott v. Scott, 354 S.C. 118, 124, 579 S.E.2d 620, 623 (2003).
DISCUSSION
I.  Equitable Apportionment
Husband argues the family court erred in including in the marital estate the Myrtle Beach property located at 400 and 402 29th Avenue North and 5405 North Ocean Boulevard.  He contends, as will more fully be discussed, this property constituted nonmarital property.  
 In making an equitable distribution of marital property, the court must (1) identify the marital property, both real and personal, to be divided between the parties; (2) determine the fair market value of the identified property; (3) apportion the marital estate according to the contributions, both direct and indirect, of each party to the acquisition of the property during the marriage, their respective assets and incomes, and any special equities they may have in marital assets; and (4) provide for an equitable division of the marital estate, including the manner in which the distribution is to take place.  Johnson v. Johnson, 296 S.C. 289, 293, 372 S.E.2d 107, 110 (Ct. App. 1988). 
Marital property is defined as all real and personal property acquired by the parties during the marriage which is owned as of the date of filing or commencement of the marital litigation, regardless of how legal title is held.  Johnson, 296 S.C. at 294, 372 S.E.2d at 110; S.C. Code Ann. § 20-7-473 (Supp. 2005).  Property acquired prior to the marriage is generally considered nonmarital.  S.C. Code Ann. § 20-7-473(2) (Supp. 2005); see S.C. Code Ann. § 20-7-473(1) (Supp. 2005) (stating property is considered nonmarital if it is acquired by gift or inheritance).  Property acquired during the marriage in exchange for property acquired before the marriage is also nonmarital property.  Likewise, any increase in the value of nonmarital property during the marriage is nonmarital property, except to the extent the increase resulted directly or indirectly from the efforts of the other spouse during the marriage.  Johnson, 296 S.C. at 294, 372 S.E.2d at 110 (citing S.C. Code Ann. § 20-7-473(3), (5) (1976)).  
[N]onmarital property may be transmuted into marital property if: (1) it becomes so commingled with marital property as to be untraceable; (2) it is jointly titled; or (3) it is utilized by the parties in support of the marriage or in some other manner so as to evidence an intent by the parties to make it marital property.  Jenkins v. Jenkins, 345 S.C. 88, 98, 545 S.E.2d 531, 537 (Ct. App. 2001).  Transmutation is a matter of intent to be gleaned from the facts of each case. Id.  The burden is on the spouse claiming transmutation to produce objective evidence that the parties considered the property to be marital during the marriage. Id.  The spouse claiming an equitable interest in property upon dissolution of the marriage has the burden of proving that the property is part of the marital estate.  If the spouse carries this burden, he or she establishes a prima facie case that the property is marital property.  If the opposing spouse then wishes to claim the property so identified is not part of the marital estate, he or she has the burden of presenting evidence to establish its nonmarital character.  Johnson, 296 S.C. at 294, 372 S.E.2d at 110.
A.
Turning to the facts of the instant case, we initially note that Husband does not challenge the percentage of the marital estate awarded to him.  Instead, he only asserts the court erred in including certain real property in the marital estate.  Thus, we confine our analysis to determine whether the family court properly identified this real estate as constituting marital property.
Because the Myrtle Beach property located at 400 and 402 29th Avenue North was purchased by Husband prior to the marriage, Husband argues it constituted nonmarital property given there was no evidence the property had been transmuted to marital property.  Specifically, he asserts Wife did not help preserve and appreciate the property.  Even if the property appreciated in value and provided income for the parties during the marriage, Husband claims these facts alone were not sufficient to transmute the property to marital property.  Essentially, Husband argues Wife failed to present any evidence to establish that the parties intended to transmute the property.  We agree with Husband.
Husband consistently maintained that this property was nonmarital and retained its separate, nonmarital nature throughout the marriage.  Through his testimony and submitted documentation, Husband established that he and his father purchased this property in June of 1997, prior to the marriage, and that he inherited his fathers interest when he passed away in September of 1999.  At trial, Wife also acknowledged that Husband purchased the property prior to the marriage.  Therefore, it was incumbent upon Wife to establish the property was transmuted.  We find she failed to meet this burden.
Although on direct examination Wife claimed to have helped manage and maintain the apartments located on 400 and 402 29th Avenue North, she admitted during cross-examination that she: (1) did not sign any of the loan applications used to finance the renovations of the apartments; (2) was not involved in designing the renovations; and (3) did not contribute any physical labor to the addition of the apartments to the property.  Furthermore, we find unpersuasive Wifes claim that the parties evidenced an intent to transmute the property given the apartments located on the property were an integral part of the business of the marriage, buying[,] building, renovating and selling property.  We do not believe Wifes mere assertion constitutes sufficient objective evidence that the parties considered the property to be marital during the marriage.  Moreover, the parties use of the income derived from the property during their relatively short-term marriage did not transmute it to marital property.  See Peterkin v. Peterkin, 293 S.C. 311, 313, 360 S.E.2d 311, 313 (1987) (Merely using the income derived from [non-marital assets] in support of the marriage does not transmute them into marital property.); Brooks v. Brooks, 289 S.C. 352, 355, 345 S.E.2d 510, 512 (Ct. App. 1986) (holding inherited property did not lose its separate nature because a portion of the inheritance was used in furtherance of the marriage).
Finally, we find Wifes reliance on this courts decision in Jenkins v. Jenkins, 345 S.C. 88, 545 S.E.2d 531 (Ct. App. 2001), to be misplaced.  In Jenkins, Husband challenged several rulings of the family court, including the courts finding that a farm and rental home that he had acquired from his mother were marital property subject to equitable distribution.  In reaching this decision, the family court found the parties used the farm as a second home and planned to make the farm their primary residence after Husband retired.  Through Husbands direct financial contributions, the parties spent a significant amount of money making improvements on the property.  Wife was primarily responsible for the general care and maintenance of the property for approximately eight years.  Additionally, Husband executed a will in which he left all of his property, including the farm and rental home to Wife.  Unlike the parties in Jenkins, the parties in the instant action did not affirmatively express an intention to transmute the property to marital property.  Although Wife may have contributed to the maintenance of the property, she did not present evidence of any significant personal or financial contribution.  Moreover, Husband did not jointly title the property or execute any documents indicating his intention to establish it as a marital asset.  Accordingly, we find the family court erred in including the property located at 400 and 402 29th Avenue North as part of the marital estate.       
B.
Additionally, Husband challenges the courts decision to include property located at 5405 North Ocean Boulevard in the marital estate.  Husband acknowledges the property was purchased during the marriage, and thus by strict definition was marital property.  He contends, however, it constituted a nonmarital asset because it was purchased by Husband with loan proceeds derived from equity in a home he inherited from his father.  Husband in essence characterizes this transaction as simply a substitution of one nonmarital asset for another.   
Although Husband is correct that property acquired during the marriage in exchange for property acquired before the marriage is nonmarital property, we find Husband failed to produce evidence establishing such with respect to 5405 North Ocean Boulevard.  Given the property was purchased during the marriage, Wife, in claiming an interest in the property, established a prima facie case that the property was marital.  Thus, the burden was on Husband to present evidence to establish its nonmarital character.  Johnson, 296 S.C. at 294, 372 S.E.2d at 110.  
Based on our review of the record, we find Husband failed to carry his burden.  At trial, Husband testified that he purchased the property at issue by using as collateral a piece of inherited property located at 318 Wild Wood Dunes in Myrtle Beach.  Through his cross-examination of Husband, Wifes counsel asserted that the 5405 North Ocean Boulevard property was in fact the collateral for the property purchase.  In support of this assertion, counsel indicated that the United States Housing and Urban Development (HUD) statement reflected that 5405 North Ocean Boulevard was valued at $295,000 and Husband used the purchase property as collateral for the $300,000 property loan.  Counsel attempted to establish that Husband did not use outside or nonmarital, inherited funds to purchase the property.  Husband disputed this assertion.  Husband, however, was unable to substantiate his claim because he had failed to submit the necessary documents during pre-trial discovery.  We would also note there is no indication in the record that Husband attempted to proffer these documents nor does Husband raise any argument regarding the denial of a proffer.  Thus, our determination of this issue is limited by the record before us.  Besides Husbands testimony and his financial declaration, there is no other evidence in the record to support Husbands contention.  Accordingly, we conclude Husbands testimony was not sufficient to establish the property in question was nonmarital.  
Because Husband failed to produce evidence to rebut the prima facie case that 5405 North Ocean Boulevard was marital, we hold the family court did not err by including this piece of property in the marital estate.  Therefore, we affirm the family courts finding that 5405 North Ocean Boulevard was a marital asset subject to equitable division.  See Fuller v. Fuller, No. 4150, 2006 WL 2623194, at *7 (S.C. Ct. App. Sept. 11, 2006)(affirming family courts finding that company started during the parties marriage constituted marital property where Husband did not produce evidence to rebut presumption that it was marital).
II. Attorneys Fees
Husband contends the family court erred in awarding attorneys fees to Wife in the amount of $16,000 given:  (1) the court failed to make specific findings in support of the award pursuant to Glasscock v. Glasscock, 304 S.C. 158, 403 S.E.2d 313 (1991); (2) Wife did not achieve sufficient beneficial results to be entitled to an award; and (3) the amount of the award was excessive.  
The family court may order payment of attorneys fees to a party pursuant to statute. S.C. Code Ann. § 20-3-130(H) (Supp. 2005).  An award of attorneys fees lies within the sound discretion of the family court and will not be disturbed on appeal absent an abuse of discretion. Patel v. Patel, 359 S.C. 515, 533, 599 S.E.2d 114, 123 (2004).
In deciding whether to award attorneys fees, the family court should consider:  (1) each partys ability to pay his or her own fees; (2) the beneficial results obtained by counsel; (3) the respective financial condition of each party; and (4) the effect of the fee on each partys standard of living.  Upchurch v. Upchurch, 367 S.C. 16, 28, 624 S.E.2d 643, 648-49 (2006).    When determining the reasonable amount of fees to award, the court must consider the nature, extent, and difficulty of the services rendered, the time necessarily devoted to the case, counsels professional standing, the contingency of compensation, the beneficial results obtained, and the customary legal fees for similar services. Glasscock v. Glasscock, 304 S.C. 158, 161, 403 S.E.2d 313, 315 (1991).
In view of our decision to reverse a substantive result achieved by wife regarding the identification of marital property, we also reverse the award of attorneys fees and remand this issue for reconsideration.  See Sexton v. Sexton, 310 S.C. 501, 503, 427 S.E.2d 665, 666 (1993) (reversing and remanding issue of attorneys fees for reconsideration where the substantive results achieved by trial counsel were reversed on appeal).
CONCLUSION
Based on the foregoing, we affirm the decision of the family court with respect to the inclusion of 5405 North Ocean Boulevard in the marital estate.  We reverse, however, the family courts finding that the property located at 400 and 402 29th Avenue North was marital property.  In light of our disposition, we reverse and remand for the family court to redetermine the valuation of the marital estate and to reconsider Wifes entitlement to attorneys fees.
AFFIRMED IN PART, REVERSED IN PART, AND       REMANDED.
BEATTY and SHORT, JJ., and CURETON, A.J., concur.

[1] Because oral argument would not aid the court in resolving the issues on appeal, we decide this case without oral argument pursuant to Rule 215, SCACR.